# CASES DETERMINED

## —IN THE—

# ST. LOUIS AND KANSAS CITY

## COURTS OF APPEALS.

### MARCH TERM, 1885.

C. H. GOFFE ET AL., Respondents, v. J. D. GIBSON, Appellant.

St. Louis Court of Appeals, May 19. 1885.

1. FACTOR AND BROKER—COMPENSATION.—A real estate broker is enti-
tled to compensation for procuring a purchaser of property,
although the sale be consummated directly between the owner
and the purchaser, and although the owner had no knowledge at
the time that the broker had induced the purchaser to enter into
the negotiation.

2. ———— Under a contract to pay a broker compensation for a sale
"effected in anywise through his influence or instrumentality
within a period of sixty days," if the broker before the expiration
of the period named, induces a purchaser to begin negotiations with
the owner, he is entitled to his commissions, although the sale is
not consummated until after the sixty days.

APPEAL from the Greene County Circuit Court,
GEIGER, J.

*Affirmed.*

GOODE & CRAVENS, for the appellant: Commissions
can not be recovered until the agent has performed the
entire service for which he contracted.—Story, Agency,
sects. 329, 331.

VOL. XVIII—1

C. V. Buckley, for the respondents : If agents intro-
duce the purchaser, or are instrumental in procuring a
purchaser they are entitled to their commissions.—*Bell v.
Kaiser*, 50 Mo. 150; *Tyler v. Parr*, 52 Mo. 249; Fitch,
Real Estate Agency, 155.

Thompson, J., delivered the opinion of the court.

The plaintiffs proved, under appropriate allegations
that they were partners in the business of real estate
agents in Springfield, Missouri ; that they entered into
the following contract with the defendant on the day
named therein :

"This writing is to witness that I have, this 13th day
of August, 1883, placed the following described property
in the hands of Goffe & Bouslog, real estate agents of
Springfield, Mo., for sale for sixty days and thereafter if
then withdrawn from the market, viz:  Our lease for
eight years from April 1, 1883, on the Southern Hotel in
the city of Springfield, Mo., together with all the furniture
and fixtures therein, excepting our personal household
goods, for $6,000 all cash, upon which I agree to pay them
when they effect a sale, three per cent. commission ; reserv-
ing to myself only the right to sell. But if I sell at a lower
price or better terms than aforementioned, or in anywise
through their influence or instrumentality, then I will
pay the above commission.

(Signed)                              J. D. Gibson."

The plaintiffs also gave evidence tending to prove
that before the end of September, while yet the sixty
days mentioned in the above contract had some weeks
to run, they brought to the attention of one Hastings the
fact that the property was for sale, explained its charac-
ter and value to him, pointed out that it was more
valuable than other similar property which Hastings was
thinking of purchasing ; and that, by reason of the fact of
their calling his attention to the property, Hastings entered
into negotiations with the defendant for the purchase of
it, and became the purchaser of it from the defendant on
or about the 15th of October, which it will be perceived

was two or three days after the sixty days named in the contract had expired, for the sum of $5,500 in cash, which sum, it will be perceived, was $500 less than the amount at which the plaintiffs were by the contract authorized to sell the property.    The defendant gave evidence tending to show that, although he had made this contract with the plaintiffs, yet he had, about two weeks before the expiration of the sixty days named therein, distinctly notified the plaintiffs that the property would be withdrawn from their hands at the expiration of that time. The testimony of the plaintiffs was distinctly to the effect that no such notification had been given them.    The plaintiffs also gave evidence tending to show that, prior to the expiration of the sixty days, they had notified the defendant that they had brought the property to the attention of Hastings, and were endeavoring to effect a sale of it to him.    The defendant denied this and gave evidence to the effect that he never knew, until after he had consummated the sale of the property to Hastings, that the plaintiffs had had any communication with Hastings touching the property.    These two were the only questions which the evidence left in dispute.

The court put the case to the jury upon instructions to the effect that if, through the efforts of the plaintiffs, a purchaser had been found for the property before the expiration of the sixty days named in the contract, they should find for the plaintiffs, although the sale to such person may have been consummated by the defendant after the expiration of such time, and refused instruction offered by the defendant to the effect that the plaintiffs could not recover unless the sale had actually been consummated prior to the expiration of the sixty days, provided the jury should find that the defendant had notified the plaintiffs that the contract would not be continued after the expiration of that time.    We are of the opinion that this ruling was correct.    If the evidence given on behalf of the plaintiffs was true, there was no room for the jury to conclude that the defendant had not sold the property "in anywise through their (the plain-

tiffs') influence or instrumentality;" and if the plaintiffs
had rendered the services stipulated for in the contract,
by bringing the property to the attention of the pur-
chaser, and by making such representations to him con-
cerning it as induced him to commence negotiations for
the purchase of it directly with the defendant, then they
are plainly entitled to their commissions under the terms
of the contract. The contrary interpretation of the con-
tract would have enabled the defendant, by delaying the
consummation of the sale until after the expiration of
the sixty days, to defeat the plaintiffs of the commissions
agreed to be paid them for their services, no matter how
meritorious those services may have been. This is not
the meaning of the contract, nor does it conform to the
interpretation which our supreme court has put upon
similar undertakings of real estate brokers where the
terms of the contract were not specifically agreed upon.
In such cases it is held immaterial that the owner of the
property concluded the bargain with the purchaser. If
the property was placed in the hands of the real estate
broker and the sale was brought about through his adver-
tisements or exertions, he is entitled to his commissions.
—*Bell v. Kaiser*, 50 Mo. 150; *Tyler v. Parr*, 52 Mo. 249.

Complaint is made that the court refused the follow-
ing instruction offered by the defendant:

"If you believe that Gibson did not know that plain-
tiffs had been negotiating with Hastings for the sale of
the property mentioned in the contract and refused him-
self to sell until plaintiffs' contract expired, and did not
sell until it expired, you will find the issues for defend-
ant."

It will be perceived that this instruction was relevant
to one of the points in the testimony, namely, whether,
at the time of his negotiations with Hastings, the defend-
ant knew that the plaintiffs had made such representations
concerning the property to Hastings as had induced him
to enter upon the negotiations. We do not see wherein
the court committed error in refusing this instruction. It
is true, as suggested in the argument of the learned

counsel for the appellant, that the mere fact that the plaintiffs had made such representations to Hastings, before the sixty days mentioned in the contract had expired, did not in any manner restrain the defendant from selling the property to Hastings after the expiration of such time, if he had not notified the plaintiffs that the limit would not be extended, although he was unaware that the plaintiffs had made such representations to Hastings. But this does not answer the question why the plaintiffs, if they had rendered the meritorious service mentioned in the contract, should be deprived of compensation therefor, merely because they had failed to notify the defendant of the fact that they had made the representations to Hastings. It is true that, if the defendant had known that he would have to pay the commission to the plaintiffs stipulated for in the contract, he might have taken that fact into consideration in fixing the minimum price at which he would sell the property to Hastings. But it appears that one of the plaintiffs boarded at the defendant's hotel during the period in question, and supposing him to have been mistaken in that part of his testimony which is to the effect that he mentioned the name of Hastings to the defendant, as one of the persons to whom he had endeavored to effect a sale of the property, yet if the defendant had desired to know whether the plaintiffs would have any claim for commissions, in case he should sell it to Hastings after the expiration of the sixty days, he could have learned that fact upon the most casual inquiry and upon any day. And we do not see that the plaintiffs were under any greater obligation to communicate the fact to him that they were negotiating with any particular person, than the defendant was to make inquiries concerning the fact of them.

We are asked to give damages in affirming the judgment. We do not give damages in affirming judgments, except in those cases where the appeal is so clearly groundless as to lead to the conclusion that it was prosecuted for delay, or that the taking of it could not have been advised by competent counsel in good faith. This

is not such a case, and, therefore, we shall not give damages. The judgment of the circuit court is affirmed. All the judges concur.