| 31 | 563 |
|----|-----|
| 41 | 516 |
| 31 | 563 |
| 46 | 456 |
| 31 | 563 |
| 51 | 499 |
| 31 | 563 |
| 60 | 584 |
| 31 | 563 |
| 64 | 396 |
| 31 | 563 |
| 68 | 582 |
| 31 | 563 |
| 100 | 4653 |

MILLAN & ABBOTT, Respondents, v. BENJAMIN C. PORTER, Appellant.

Kansas City Court of Appeals, July 2, 1888.

1. PRACTICE—VERDICT OF JURY, HOW FAR BINDING ON THIS COURT. The verdict of the jury is binding upon this court as to all facts necessarily found by the jury, in order to reach the verdict, and to prove which there was sufficient evidence.

2. CONTRACT—REAL ESTATE BROKER—TERMS OF EMPLOYMENT—CASE ADJUDGED.—Where the owner, as in this case, fixed only one term of the proposed sale of real estate, all the other terms were left open to be afterwards fixed by him at his pleasure. But the brokers were only required, by their contract, to find a purchaser at the price fixed by the owner, on such terms, in other respects, as might be agreeable to him. And there was no evidence tending to prove that the brokers abandoned the contract.

3. —— DUTY OF BROKERS IN NEGOTIATING SALE—NOT BOUND TO MAKE ACTUAL SALE.—The duty of a real estate broker, under an ordinary contract of employment, is to procure a purchaser on the owner's terms, and bring the two together. He is not bound to negotiate the trade, nor to make the actual sale.

4. —— —— KNOWLEDGE THAT BROKER PROCURED PURCHASER IMMATERIAL.—The fact that the owner did not know, at the time of making the sale to the purchaser, that the latter had been procured by the broker, is immaterial. The right to a recovery by the broker depended upon the fact that he had procured a purchaser, and not upon the knowledge, on the part of the owner, of that fact at the time of the sale.

APPEAL from Buchanan Circuit Court, HON. VINTON PIKE, Special Judge.

*Affirmed.*

Statement of case by the court.

This was an action begun by plaintiffs before a justice of the peace to recover compensation as brokers for effecting the sale of real estate of the defendant.

The statement was as follows :

" Mr. Benjamin C. Porter, to Millan & Abbott, Dr.

    To commission on sale of dwelling-
        house, on Francis street, bet. 17th
        and 18th streets....................$100 "

No answer was filed, none being required under our practice before a justice of the peace, but the defence, as stated by defendant's counsel in their brief here, was as follows :

(1) That defendant placed the property in the hands of plaintiffs for sale, and agreed to pay them one hundred dollars for their services provided they would sell the property for the sum of four thousand dollars cash, which they failed to do.

(2) That plaintiffs abandoned the contract to sell the property for defendant.

(3) That defendant sold the property himself, after plaintiffs had abandoned the contract, without the assistance or influence of the plaintiffs, to the same party, however, that plaintiffs were trying to sell it to, but defendant had no knowledge or information that it was the same party until after he had consummated the sale.

The defendant had judgment before the justice of the peace, and the plaintiffs appealed to the circuit court. On a trial in the latter court the plaintiffs had judgment from which the defendant has appealed to this court.

As to the question of the plaintiffs' employment there was the testimony of the plaintiff Abbott and the defendant. Abbott testified that he learned that defendant's property was for sale and went to the latter's house. Abbotts' testimony on this question is then thus

set out in the defendant's abstract of the record: "I asked him if he wanted to sell it. He said yes. Q. What is your price? A. Four thousand dollars. I then told Mr. Porter that I represented the real estate firm of Millan & Abbott, and that I thought we had a customer. for his place. Will you pay a commission out of the four thousand dollars? He said, 'yes; I will give you one hundred dollars.' I told him that that was not a full commission, but that I would take it, as I thought I had a customer for the place. I said, 'If I see my customer to-night, I will come back to-night.'" The defendant's testimony on this question was as follows:

"Mr. Abbott came to my house about March 1 and said, that he understood my property was for sale. I told him it was. 'Well,' he says, 'I think I have a buyer for you; and what is your price?' I told him my price was four thousand dollars, cash. Mr. Abbott then asked me what I would give him if he sold on those terms. I told him I would give him one hundred dollars. 'Well,' he said, 'I will go and see if the man will take it.' He told me the man who wanted the property was a Mr. Shumaker. He lived just across the fence from me. I told him a few days before my place was for sale, and I thought it was his (Shumaker's) brother that was buying the place, who lived up in the north part of the city."

Immediately upon leaving the defendant's house, after the agreement as to the employment of his firm, Abbott saw Shumaker, who agreed to take the property for four thousand dollars, fifteen hundred dollars to be paid in cash, the balance in six months and one year. Abbott at once, on the same day, so reported to the defendant. The defendant declined to sell on the proposed terms, but insisted on the cash payment of the whole purchase price, explaining that he wished all cash in order to enable him to purchase certain property which he contemplated buying. Abbott left the defendant, stating that he would see Shumaker again and report to the defendant that day or the next morning. Abbott saw Shumaker, reported to him the terms of

payment demanded by the defendant. Shumaker stated that he could not pay all cash, and remarked, "Well, that ends it."

As to what then occurred the testimony of Abbott and of Shumaker, the latter of whom testified for the defendant, did not agree. Abbott testified: "I said, 'Hold on, you want the property, and you can get the money from some one else, and pay Mr. Porter,' and Mr. Shumaker said, 'I will think about that until morning.' I said, 'All right, I will see you in the morning.' I saw Mr. Shumaker the next morning and said to him, 'What about the property?' He said, 'I will see Mr. Porter at noon and arrange about that.' I told him he had better go immediately or 'you may not get it.' He said, 'I will get it,' and asked me what to do. I told him to pay some money on the trade, and to draw up writings, etc. He said, 'Very well; I think I can arrange with him to give him a check if I can see him.' I supposed, of course, he was going right to Mr. Porter. Mr. Shumaker, that evening or the next morning, told me had purchased the property."

Shumaker testified: "Then Mr. Abbott said he had to go back again that night or in the morning to report, but I told him it was no use, that I could not buy it for cash. Mr. Abbott came back some time in the forenoon of the next day, and I asked him if he had seen Mr. Porter. He said, no, he had not, asked if I had seen him, and I told him no, I had not. I asked him if it would not be better for me to go up there as I still thought of buying the place to see Mr. Porter now. He thought it would be very well for me to see him. I went up there and purchased the place about noon. My wife sent me word that if I wanted the place, that I had better come up and purchase it, as Mr. Porter was about to sell it to some other parties, but I had left the store before I received the message. I heard it when I got home."

All the testimony, however, agreed as to this: That

Abbott did not return to the defendant's, and that Shumaker did go to the defendant's, and did purchase the property on these terms : Fifteen hundred dollars in cash, notes for the balance of the purchase price of four thousand dollars payable in six and twelve months, with the understanding and agreement that if the defendant needed the balance, he should have it whenever he called for it.   The stipulation as to the payment of the balance whenever called for satisfied the defendant.

The court gave for the plaintiffs the following instructions :

" If the jury believe from the evidence that defendant promised to pay plaintiffs one hundred dollars, if they would find some person who would purchase the premises, in proof, at the price of four thousand dollars, and if they further believe, that plaintiffs, or either of them, found such person ready and willing to purchase at that price, then the jury must find for plaintiffs, in the sum of one hundred dollars."

Of its own motion the court gave the following instructions :

"(a) That if you find from the evidence that defendant put the property mentioned in the evidence in the hands of the plaintiffs for sale, and at that time instructed them to sell it for cash, and that they were unable to sell it to Shumaker except for part cash and part credit, and that afterwards defendant himself sold the property to Shumaker for part cash and the balance to be paid whenever defendant demanded it, then the verdict must be for the defendant."

"(b) The court instructs the jury, that even though you find from the evidence, that defendant employed the plaintiffs to sell the property mentioned in the evidence, for a cash price, and agreed to pay them the sum of one hundred dollars for their services, in case they sold it ; yet, if you further find from the evidence, that plaintiffs were unable to procure the agreement of Shumaker to take the property, upon the terms

given to them, by defendant, then the verdict must be for the defendant; notwithstanding, you may further find from the evidence that defendant sold the property to the said Shumaker, to whom plaintiffs were trying to sell it."

"( c ) That if you find from the evidence that plaintiffs offered the property to witness Shumaker for the sum of four thousand dollars cash, at the direction of defendant, and that plaintiffs were unable to sell the same to him on those terms, and that afterwards Shumaker went to defendant and purchased the property from him, for part cash, and the balance to be paid whenever defendant should demand, then you will find for defendant; provided, you further find from the evidence that the plaintiffs were engaged by defendant to find a purchaser for a cash price."

And the court refused to give the following instructions asked by the defendant:

"1.   The court declares the law to be that under the pleadings and evidence in this case, the finding must be for the defendant."

"2.   The court instructs the jury, that even though they find from the evidence, that defendant employed the plaintiffs to sell the property mentioned in the evidence, and agreed to pay them the sum of one hundred dollars, for their services, in case they sold it, yet if you further find from the evidence, that plaintiffs were unable to sell the property upon the terms given to them, by defendant, then the verdict must be for the defendant; notwithstanding, you may further find from the evidence, that defendant sold the property to the same person plaintiffs were trying to sell it to."

"3.   That if you find from the evidence, at any time before the sale was completed, that defendant instructed plaintiffs to sell the land for cash, then they are bound by that instruction, and if you find from the evidence, that they were unable or failed to sell for cash, they cannot recover in this suit, and it is immaterial upon what terms defendant sold the land, or to whom he sold it."

"4. That if you find from the evidence, that defendant put the property, mentioned in the evidence, in the hands of the plaintiffs for sale, and at that time instructed them to sell it for cash, or at any time thereafter and before the sale was made by them, instructed them to sell for cash, and that they were unable to sell it to Shumaker, except for part cash and part credit, and that afterwards defendant himself sold the property to Shumaker for part cash, and the balance to be paid whenever defendant demanded it, then your verdict must be for the defendant."

"5. That if you find from the evidence, that plaintiffs offered the property to Shumaker for the sum of four thousand dollars cash, at the direction of defendant, and that plaintiffs were unable to sell the same to him on those terms, and that afterwards Shumaker went to defendant and purchased the property from him, for part cash, and the balance to be paid at such time as defendant should demand, then you will find for defendant."

"6. That the burden of proof in this case is upon the plaintiffs and they must, by the preponderance of the evidence, establish their case, to the reasonable satisfaction of your minds, and if they have failed to do this, or if the evidence for the plaintiffs and that for the defendant is equally balanced, then you must find for the defendant."

"7. That even though you find from the evidence, that defendant told Abbott that he wanted four thousand dollars, and said nothing about cash payment, yet, in law, that is the same as if defendant had told plaintiff Abbott that he wanted four thousand dollars cash, and in such case plaintiffs had no right to sell for anything, but for a full cash payment."

WOODSON & WOODSON, for the appellant.

I. The instruction given by the court, for plaintiffs, was error. Because said instruction wholly ignores the terms upon which the property was to be sold, whether

for all cash, or part cash, and the balance on time. This was one of the main issues in the case. It hypothecates a state of facts, and upon their existence directs a verdict for plaintiffs, which state of facts do not cover all the issues in the case. *Thomas v. Babb*, 45 Mo. 386, 387; *Raysdon v. Trumbo*, 52 Mo. 37, 38; *Goetz v. Railroad*, 50 Mo. 474, 475; *Wyatt v. Railroad*, 62 Mo. 411; *Flori v. St. Louis*, 69 Mo. 342, 343; *Bank v. Armstrong*, 62 Mo. 73. It is true said instruction further on tells the jury: "If they further believe that plaintiffs, or either of them found such person ready and willing to purchase at that price, etc." But this does not cover the issue as to the time the purchase money was to be paid. *Brown v. McCormick*, 23 Mo. App. 148; *Martin v. Johnston*, 23 Mo. App. 184; *Henry v. Bassett*, 75 Mo. 92. Under said instruction, it was not necessary for the jury to find anything at all about what were the terms of the contract, as to the time of and the manner of paying the purchase money. *Brown v. McCormick*, 23 Mo. App. 184; *Clark v. Hammerle*, 27 Mo. 70; *Mansur v. Botts*, 80 Mo. 658. The rule in this class of actions is the agent must produce a person who is able, willing and ready to comply with all the conditions imposed upon the agent by the owner. *McGavock v. Woodlief*, 20 How. (U. S.) 221; 1 Parsons Cont. (6 Ed.) 99; *Budd v. Zoller*, 52 Mo. 238; *Frazer v. Wyckoff*, 63 N. Y. 445. The main issue in this case (as to the terms of payment) is ignored in the instructions; which single out certain facts and direct a verdict upon them. This was prejudicial error. *Bank v. Armstrong*, 62 Mo. 73; *Raysdon v. Trumbo*, 52 Mo. 37. The instruction given by the court is misleading, ambiguous and unintelligible. *Legg v. Johnston*, 23 Mo. App. 590; *Green v. Railroad*, 80 Mo. 257; *Wood v. White*, 6 Mo. App. 592.

II. The court erred in refusing defendant's first instruction in the nature of a demurrer to the evidence. There was not a particle of evidence even tending to

show plaintiffs produced a purchaser who was in a situation, ready and willing, to complete the purchase on the terms agreed upon between plaintiffs and defendant. *McGavock v. Woodlief*, 20 How. 221 ; *Fraser v. Wyckoff*, 63 N. Y. 445 ; *Wylie v. Bank*, 61 N. Y. 415 ; *Budd v. Zoller*, 52 Mo. 238 ; *Singer v. Hudson*, 4 Mo. App. 145. The evidence is uncontradicted that plaintiffs abandoned all attempts to sell the property. Mr. Porter testified that the last time he saw Abbott, the latter told him that he would go and see Schumaker, and try and get him to pay cash for the place, and that Abbott said he would come back that night and report what Schumaker would do. Where the broker opens negotiations, but fails to bring the customer to the specified terms, abandons them, and the employer the next day sells to the same person at the price fixed, he is not liable to the broker for his commissions. *Wylie v. Bank*, 61 N. Y. 415 ; *Hoyt v. Shepherd*, 70 Ill. 310 ; *Carp v. Cummins*, 54 Pa. St. 394 ; *Chandler v. Sutton*, 5 Daly [N. Y.] 112.

III. The court erred in refusing defendant's second instruction. It was correct in itself and consistent with all the instructions asked by defendant, all of which would have properly presented the law of the case to the jury. *Karle v. Railroad*, 55 Mo. 476, 482, 483 ; *Whalen v. Railroad*, 60 Mo. 327, 328 ; *Williams v. Vanmeter*, 8 Mo. 342 ; *Thomas v. Babb*, 45 Mo. 384, 388. "A broker who negotiates the sale of an estate is not entitled to his commission until he finds a purchaser in a situation, ready and willing to complete the purchase on the terms agreed upon between the broker and the vendor." *McGavock v. Woodlief*, 20 How. 221 ; *Fraser v. Wyckoff*, 63 N. Y. 445 ; *Wylie v. Bank*, 61 N. Y. 415.

IV. The court erred in refusing defendant's third and fourth instructions. According to Abbott's own testimony, nothing was said to Porter at the time he placed the property in their hands for sale about the terms of paying the purchase money. A principal has the right to revoke or limit the authority of his agent, at any time, provided the agent's authority is not

coupled with an interest. *Blackstone v. Buttermore*, 53 Pa. St. 266; *Field v. Farrington*, 10 Wall. 141; *Weed v. Adams*, 37 Conn. 378; *Gilbert v. Holman*, 64 Ill. 549; *Barr v. Schroeder*, 32 Cal. 600. Where nothing is said at the time property is sold about the time and terms of paying the purchase money, the law declares it to be a sale for a present cash price. *S. W. Co. v. Stanard*, 44 Mo. 83; *S. W. Co. v. Plant*, 45 Mo. 519. In order to evade the cash rule, plaintiffs must show not only a custom to the contrary, but that defendant knew of that custom, and that it was so universally known that the law would presume his knowledge of its existence. Cases cited *supra; Ober v. Carson*, 62 Mo. 214; *Park v. Vernon*, 16 Mo. App. 384.

V. The court erred in refusing defendant's fourth and seventh instructions. Because both of them announced the correct rule of law as to the time and terms of paying the purchase money when no agreement is made as to its payment. Cases cited *supra;* 2 Benj. on Sales [Corbin's Ed.] 1025. So also as to defendant's fifth instruction. Cases *supra*.

VI. The court erred in giving instructions of its own motion. They misdirected the jury as to the law, cast the burden of proof upon defendant, when it belonged to plaintiffs, and misled the jury as to the evidence, and submitted questions of law to the jury. *Morgan v. Durfee*, 69 Mo. 480; *Turner v. Railroad*, 76 Mo. 262; *Railroad v. Cleary*, 77 Mo. 638; *Cape Girardeau v. Harbison*, 58 Mo. 93; *Albert v. Besel*, 88 Mo. 153.

VII. A new trial should be granted by the trial court when the verdict is manifestly against the weight and entire current of the testimony. *Taylor v. Fox*, 16 Mo. App. 529; *Leonberger v. Pohlman*, 16 Mo. App. 397.

VIII. The suit was on an actual sale of property, but the evidence showed only an attempt at sale, The instruction submitted a wholly different cause of action.

This was error. *Nugent v. Curran*, 77 Mo. 328 ; *Faulkner v. Thornton*, 68 Mo. 469 ; *Bell v. Corvan*, 34 Mo. 251 ; *Camp v. Heelan*, 43 Mo. 592. There was a total lack of evidence to support the issue. *Hunt v. Railroad*, 89 Mo. 607.

CROSBY, RUSK & CRAIG, and WM. H. KEARBY, for the respondents.

I. The judgment is not objected to on account of its amount. A jury has passed upon the facts, and if the issues were submitted to them under proper instructions this court will not disturb their verdict.

II. Defendant's first instruction was properly refused. A demurrer to the evidence is not proper when the evidence is conflicting. *Smith v. Hutchinson*, 83 Mo. 683.

III. Even if appellant's seventh instruction stated the law correctly, which it does not do, it was properly refused, for defendant still had a right to sell on other terms, and if he did so to plaintiffs' customer, as was the fact in this case, plaintiffs could recover. *Lloyd v. Mathews*, 51 N. Y. 124 ; *Coleman Ex'rs v. Meade*, 5 Cent. Law Jour. 409 ; *Bell v. Kaiser*, 50 Mo. 150 ; *Tyler v. Parr*, 52 Mo. 249 ; *Timberman v. Craddock*, 70 Mo. 638 ; *Jones v. Adler*, 34 Md. 440. The rule in cases like the one at bar is that a broker who discloses a purchaser, and such disclosure is the foundation upon which negotiations are begun, is entitled to commissions in case of a sale, although the sale be made by the owner without the further assistance of the broker. Cases above cited ; *Lincoln v. McClatchie*, 36 Conn. 136 ; *Goffe v. Gibson*, 18 Mo. App. 1 ; *Daniel v. Stebens*, 140 Mass. 339 ; *Woods & Pierce v. Stephens*, 65 Mo. 555.

IV. If the broker procures a person to whom the principal makes a sale on any terms, though special terms were contemplated by the contract, he is entitled to commission. *Keys v. Johnson*, 68 Pa. St. 42 ; *Stewart v. Mather*, 32 Wis. 344 ; *Woods & Pierce v. Stephens*, 46 Mo. 555.

V. These propositions show that the instructions given for the appellant were even more favorable to him than any to which he was entitled. The court gave appellant's second and fifth instructions modified by inserting the cash qualification to the omission of which qualification in plaintiffs' instruction appellant objects; and the court, in instruction (a), covered the ground of appellant's third and fourth instructions, omitting appellant's claim that he had a right to change the terms of the contract at any time before the sale. But after plaintiffs had found a purchaser, ready and willing to buy, it would be too late for defendant to so change the terms as to shut out this buyer as plaintiffs' customer, and afterwards himself sell to him. For a principal has no right to take advantage of an agent's work and then refuse to pay him for it. *Lloyd v. Mathews*, 51 N. Y. 124; *Bush v. Hill*, 62 Ill. 216; *Gillette v. Corum*, 7 Kan. 156; *Keys v. Johnson*, 68 Pa. St. 42; *Stillman v. Mitchell*, 2 Robt. (N. Y.) 523; *Stewart v. Mlaher*, 32 Wis. 344.

I.

Hall, J.—Under the instructions given in the case the jury could not have found for the plaintiffs without finding also that the defendant did not at the time of employing the plaintiffs instruct them to sell the property for cash. The verdict of the jury in favor of plaintiffs is binding upon us as to all facts necessarily found by the jury in order to reach the verdict, and to prove which there was sufficient evidence. As to what instructions the defendant gave as to the terms on which the property should be sold the defendant and plaintiff Abbott disagreed. Abbott testified that the defendant named only the price, four thousand dollars; the defendant testified that he in addition to the price designated the manner of payment to be cash. There was, therefore, sufficient evidence to support the finding of the jury in this respect, and we are bound by it.

This case is, then, to be treated by us as if the defendant instructed Abbott to sell the property for

four thousand dollars, saying nothing more, nothing as to the mode or time of payment. Such being the case the defendant takes the position, advanced in some of the instructions asked by him, that the law presumes that the price of the property was to be paid in cash, and that the case is just the same as if he had instructed the plaintiffs to sell for the price in cash. To this position we cannot agree. Since the defendant fixed only one term of the proposed sale, all the other terms were left open to be afterwards fixed by him at his pleasure. He indeed had the right to demand the payment of the entire purchase price in cash, and to make this demand even after the plaintiffs had produced a purchaser ready, able, and willing to buy the property at the price named on other terms than a cash payment. But, until the demand for a cash payment was made, the plaintiffs were not limited to such a payment; they were only required by their contract to find a purchaser at the price fixed by the defendant on such terms in other respects as might be agreeable to defendant.

## II.

As to the second defence mentioned in defendant's brief, the abandonment by plaintiffs of the contract to sell the property, there was no mention in any of the instructions asked by the defendant.

Without holding that, in this case, such fact would excuse the failure of the plaintiffs' instruction to notice said defence, if that failure were otherwise erroneous, we hold that under the evidence in this case it was not erroneous. In our opinion there was no evidence tending to prove that the plaintiffs abandoned the contract. We have set out in the statement of facts all the evidence bearing on this question. It shows, we think, that so far from abandoning their contract the plaintiffs, up to a few hours before the consummation of the sale through their Mr. Abbott, interested themselves in the pending sale of the property; and that if the final visit

by the proposing purchaser, which resulted in the sale, was not, as testified by Abbott, made to the defendant at Abbott's request, it at least was made with his knowledge and on his advice, "that he thought it would be very well," as testified by the purchaser Shumaker.

## III.

The defendant's counsel contend that it was the duty of the plaintiffs under their contract to make an actual sale of the defendant's property, and that by procuring a proposing purchaser who negotiated and completed a purchase of the property on the terms named by the defendant they did not comply with their contract. This contention is not well made. The plaintiffs were employed simply as real estate brokers. There was nothing peculiar in the contract employing them. As brokers they were to procure a purchaser on the defendant's terms and bring the two together. They did not have to negotiate the trade ; they did not have to make the actual sale. *Keys v. Johnson*, 68 Pa. St. 43 ; *Tyler v. Parr*, 52 Mo. 249 ; *Woods v. Stephens*, 46 Mo. 555 ; *Timberman v. Craddock*, 70 Mo. 638 ; *Bell v. Kaiser*, 50 Mo. 150 ; *Goffe v. Gibson*, 18 Mo. App. 1 ; *Gaty v. Sack*, 19 Mo. App. 477.

## IV.

The fact that the defendant did not know, at the time of making the sale to Shumaker, that the latter had been procured by the plaintiffs is immaterial. The right to a recovery by the plaintiffs depended upon the fact that they had procured the purchaser, and not upon the knowledge on the part of the defendant of that fact at the time of the sale. *Tyler v. Parr*, 52 Mo. 250 ; *Goffe v. Gibson*, 18 Mo. App. 4.

## V.

We have omitted the consideration of an objection made to the instruction given for the plaintiffs, and we

revert, in order to consider that objection, to the subject of the first paragraph of this opinion.    Defendant's counsel state that it was contended, on the one hand, that the agent was instructed to sell the property for four thousand dollars, all cash, and, " on the other hand, that nothing at all was said about cash, or the terms of paying the purchase money."    The counsel then urge, "that this sharp issue, the main one in the case, is wholly ignored" in the instruction given for the plaintiffs.    We think that this is a mistake.    In the plaintiffs' instruction, their right to a recovery is based upon the defendant's promise to pay them one hundred dollars "if they would find some person who would purchase the premises in proof at the price of four thousand dollars," and the fact that they found " such person ready and willing to purchase at that price." The defendant's side of the issue is not ignored, but the plaintiffs' right to a recovery is squarely based upon the jury finding in favor of their side of the issue.    All doubt on the subject is removed by instruction " (a)" given on the court's own motion, which plainly tells the jury that, if they find that the defendant did instruct the agent to sell for cash at the time he employed plaintiffs, they should find for the defendant, if the plaintiffs "were unable to sell to Shumaker except for part cash and part credit."    Under these instructions the jury must have understood the plain issue of fact. They could not have been misled.    And their verdict must be considered as resting upon the finding by them of the issue in favor of the plaintiffs, because there is no pretense that Shumaker would pay all cash

## VI.

In the light of the facts of this case, then, which are fixed by the verdict of the jury, and as to which there was no conflict of evidence, the case may be thus stated :    The defendant employed the plaintiffs to sell his property at the price of four thousand dollars, on such

terms as the defendant might name ; the plaintiffs found Shumaker, who was ready, willing, and able to purchase at that price, on these terms, *i. e.*, fifteen hundred dollars cash, the balance in six months and one year ; the defendant refused to sell on the terms proposed, and demanded all cash ; the defendant's refusal and demand were reported to Shumaker, who at first declared that the defendant's course ended the matter, but who afterwards, either at the request of one of plaintiffs or with his knowledge and advice, called on the defendant in order himself to agree with him on terms ; this visit to the defendant was made on the day after the negotiations began, and resulted in a sale by defendant to Shumaker on the terms first proposed by the latter with the addition of a provision that the defendant could have the unpaid part of the purchase money at any time before it was due that he should wish it.

Such being the case, in our opinion, the plaintiffs were entitled to recover, and the judgment was for the right party. The defendant was furnished by plaintiffs with a purchaser on terms agreeable to himself ; and the brokers earn their commission.

Judgment affirmed. All concur.