J. B. McLENDON, Respondent, v. WABASH RAIL-
ROAD COMPANY and WEST SHORE RAIL-
ROAD COMPANY, Appellants.

**Kansas City Court of Appeals, June 18, 1906.**

1. **COMMON CARRIERS: Connecting Carrier: Statute: Contract.**
Under the Missouri statute the initial carrier is not relieved
from liability for the connecting carrier's negligence by agree-
ment to that effect, since that is in the face of the statute;
the contract should be that the initial carrier should only trans-
port to the end of its own line.

2. ————: ————: **Common Law.** At common law the carrier re-
ceiving goods for transportation beyond its own line engages
only to carry them to the end of its own line and deliver to the
connecting carrier.

3. ————: ————: **Contract: Common Law.** Whatever may be
arranged between connecting carriers themselves, they have
a right to contract with a shipper as they please when not hin-
dered by statute or public policy; and so two connecting car-
riers between New York and Kansas City constituting one con-
tinuous line of transportation may contract that each carrier
shall be liable for his own torts and negligences. Cases distin-
guished.

4. ————: ————: **Continuous Line: Joint Action: Evidence.** Two
connecting carriers constituting a continuous line cannot be
jointly held for injury to goods shipped over the line in the face
of the agreement to be liable only for injury on their several
lines, since they did not each receive the goods at the initial
point and the evidence of their supposed agent is held insuffi-
cient to bind them into an association of carriers operating one
through line.

Appeal from Jackson Circuit Court.—*Hon. James H.
Slover,* Judge.

REVERSED.

*Geo. S. Grover, Frank P. Sebree* and *John D. Wen-
dorff* for appellants.

(1) Respondent is bound by terms of bill of lading
which precludes his recovery. Eckles v. Railroad, 112

Mo. App. 240; Holton v. Railway, 61 Mo. App. 204; O'Bryan v. Kinney, 74 Mo. 125; Railway v. Cleary, 77 Mo. 638; Morgan v. Porter, 103 Mo. 135; Burriss & Hayne v. Railway, 105 Mo. App. 659; American Pub. & E. Co. v. Walker, 87 Mo. App. 503. (2) The demurrer of the West Shore Railroad Company should have been sustained for the reason that both at common law and by the terms of the bill of lading (if the court should hold the West Shore issued a bill of lading for the fish in question) the West Shore was liable only for the damages which occurred on its line and there was no evidence that any damages occurred on the line of the West Shore Railroad Company. Nenno v. Railway, 105 Mo. App. 540; Eckles v. Railway, 112 Mo. App. 249; Crouch v. Railway, 42 Mo. App. 249. (3) The demurrer of the West Shore Railroad Company should have been sustained for the reason that if there is any evidence that the fish in question were ever delivered to the West Shore Railway Company (which we deny) it shows that the fish were in good condition when delivered to said company and there is no evidence that they were damaged while on that company's line, but the only evidence of damage is that when the fish were delivered by the Wabash Railroad Company to respondent at Kansas City they were in a damaged condition, and, under this evidence, the presumption is that the West Shore Railroad Company delivered the fish to the Wabash Railroad Company in good condition. Flynn v. Railroad, 43 Mo. App. 424; Crouch v. Railroad, 42 Mo. App. 248; Lin v. Railroad, 10 Mo. App. 125. (4) The court committed error in giving respondent's instructions 1 and 2 for the reason that there was no evidence to support either of said instructions. Meily v. Railroad, 107 Mo. App. 469; Danker v. Goodwin Mfg. Co., 102 Mo. App. 729; Stephan v. Metzger, 95 Mo. App. 626; Paddock v. Somes, 102 Mo. 239.

*Lathrop, Morrow, Fox & Moore* for respondent.

(1) We think the evidence shows that Mr. Staley, as the agent of appellants, made a verbal contract with respondent for the shipment of the goods in question over appellants' lines of road at a stipulated through rate of freight charges, and this with the bill of lading in evidence which was issued by the West Shore Railroad Company, makes the contract between the parties. There is no merit in appellants' contention that by offering the bill of lading in evidence the plaintiff is bound by the conditions printed on the back of it, and which were not a part of the contract. Powder Manufacturing Company v. Wabash Railway Co., 101 Mo. App. 442. (2) The appellant West Shore Railroad Company is liable for the loss and damage sustained by respondent in this case, because it made a contract for through shipment from New York to Kansas City at a specified through rate, with the agreement that the freight was all to be paid by the shipper at the point of destination to the Wabash Railroad Company, the delivering carrier. We think the evidence shows that the appellants had associated themselves together to form the through freight line known as the Hoosac Tunnel Line, and the jury found this to be a fact. This being the case, the West Shore Railroad Company is liable whether the injury occurred on its part of the through line or not. Wyman v. Railroad, 4 Mo. App. 35; Showalter v. Railroad, 84 Mo. App. 589; Commission Co. v. Railway, 87 Mo. App. 330; Cherry v. Railway, 61 Mo. App. 303; Eckles v. Railroad, 112 Mo. App. 240. (3) We submit that there is abundant evidence in the record to support the first and second instructions given at the request of respondent, upon the theory that appellants were associated together to form the through freight line known as the Hoosac Tunnel Line. (4) Appellants' instruction numbered 3 asked the court to direct the jury to dis-

regard all the testimony of J. B. McLendon as to what Mr. Staley had told him in regard to his (Staley's) being the agent of either of the appellants. It is admitted that an agency cannot be proved by the declarations of the alleged agent, but when there is other evidence tending to prove such agency, or when the conduct and course of dealing between the alleged agent and his principals raise a presumption of such agency, then his declarations become admissible to bind his principal in matters relating to his agency and within the apparent scope of his authority. Peck v. Ritchey, 66 Mo. 114; Baker v. Railway, 91 Mo. 152; Cummins v. Hurd, 49 Mo. App. 139; Werth v. Ollis, 61 Mo. App. 401; Haubelt v. Mill Co., 77 Mo. App. 672; State v. Henderson, 86 Mo. App. 482.

ELLISON, J.—The plaintiff began this action before a justice of the peace to recover damages for injury to a shipment of some fish from New York City to Kansas City, Missouri. He recovered judgment in the circuit court and both defendants appealed.

That action is prosecuted against both defendants on the theory that they, together, form one through line for the shipment of freight from New York to Missouri; neither road, separately reaching the full distance between the two points. The written contract of shipment was made with the West Shore Company, to which road the freight was delivered in good order and condition. It was shipped over that road and by it delivered to the Wabash Company, which brought it to Kansas City and delivered it in a spoiled condition to plaintiff. That condition resulted from delay and exposure. The written contract with the West Shore contained two stipulations which bear directly on a vital question in the case. One was that the West Shore only agreed to carry to the end of its own line; and the other was that it was not to be liable for any damage not occurring on its road.

In actions under the statute of this State in relation to connecting carriers of freight, it was not sufficient to absolve the initial carrier from liability for the connecting carrier's negligence, that it was agreed that he should not be liable for negligence of such connecting carrier; for such agreement would be in the face of the statute. It was necessary that the contract should be that the initial carrier would only transport to the end of his own line [Marshall v. Railroad, 176 Mo. 480, and Western Sash Co. v. Railroad, 177 Mo. 641, approving cases in this court of Bank v. Railroad, 72 Mo. App. 82; Marshall v. Railroad, 74 Mo. App. 81, and Popham v. Barnard, 77 Mo. App. 628.]

But the contract in this case was made in the State of New York and the plaintiff herein has not brought or tried the action as being governed by the statute. By the common law a carrier merely receiving goods for transportation to a point beyond his own line, engages only to carry them to the end of his own line and deliver them to the connecting carrier [Eckles v. Railroad, 112 Mo. App. l. c. 249; 42 Mo. App. 248.]

But, as stated in the beginning, the plaintiff's theory is that the two roads formed themselves into a single and through line of transportation and in that capacity the West Shore received the freight and the Wabash completed the carriage and delivered it to plaintiff. Whatever may have been the arrangement between these defendants, we cannot refuse to them and this plaintiff the right to contract as they please when uncontrolled by statute or public policy. In this case the contract of shipment expressly stipulates that the freight in question was only to be carried by the West Shore to the end of its own line, and further, that it would not be responsible for a loss occurring beyond its own line. We can discover no reason (no statute interfering) why these stipulations shall not bind the parties. The case of Eckles v. Railroad, 112 Mo. App. 248, relied upon by plaintiff, was a totally different case from this in the essential particular that

that was an express written agreement for a through carriage from initial point to destination and there deliver to consignee; and the stipulation as to non-liability for loss on other roads, was construed to apply to the several connecting carriers for the purpose of fixing liability as between themselves. The contract here, as we have seen, is altogether another thing and wholly unlike the contract in that case.

From the foregoing considerations it is apparent that the theory upon which plaintiff's case is built must fail and that no cause of action was made out against the defendants. We regard that plaintiff's first instruction was not only not supported by the evidence, but that it was in direct conflict with it. We have already shown that the two defendants did not receive the freight at the initial point. The second instruction was likewise not supported by the evidence.

Since we have determined that the written contract of shipment destroys the theory upon which plaintiff's case was tried, it may not be necessary to say anything further in that respect; yet since the point has been urged upon us we deem pertinent to add that we do not regard the theory of plaintiff's case as aided by any supposed agency of Staley. His own declarations of agency for these defendants so as to bind them into an association of carriers operating, in effect, one through line, is plainly not sufficient for that purpose. Nor do we see that anything else was shown to make of him an agent for the two defendants in a combined or single capacity for through shipments of freight.

The judgment is reversed. All concur.