W. L. GREEN, Respondent, v. CHICAGO, MIL-
WAUKEE & ST. PAUL RY. CO., AND WABASH
RAILROAD COMPANY, Appellants.

**Kansas City Court of Appeals, May 15, 1911.**

1. **CARRIERS: Live Stock: Joint Undertaking.** Where two de-
fendant railroads have an arrangement between themselves
for a continuous shipment of live stock, whereby one defendant
makes a contract for an agreed price, which the shipper pays
in one sum, and which the defendants divide among themselves,
the undertaking of defendant railroads is joint.

2. ————: **Duty to Furnish Safe Cars: Defective Slat.** Although
in the transportation of live stock, in the absence of negligence,
the carrier is relieved from responsibility for such injuries
as occur from or in consequence of the vitality of the freight,
nevertheless, where the evidence of plaintiff still accuses de-
fendants of a breach of the duty to furnish plaintiff a car that
would be reasonably safe for transportating the stock without
injury from any causes that should be reasonably anticipated,
the jury was entitled to the inference that the injury to the
animal was caused by a defective slat in the side of the car,
and not by the vice of the animal.

3. **DAMAGES: Guessing at One Item: Curable by Remittitur.**
Where plaintiff testified that in giving medical treatment to
an injured mule, he incurred some expense, but could not state
the amount of his outlay, his evidence presented the *quantum*
of this item of damage, as a matter of pure guess-work, and,
in the absence of supporting evidence, it was error (curable
by remittitur) to submit this item of damage to the jury.

Appeal from Boone Circuit Court.—*Hon. N. D. Thur-
mond*, Judge.

AFFIRMED.

*E. W. Hinton* for appellants.

(1) The evidence failed to show anything more
than an injury inflicted by the mule itself by reason of
its inherent propensity to kick, and hence the demurrer

to the evidence should have been sustained. Crow v. Railroad, 57 Mo. App. 135; Nash v. Railroad, 81 Mo. App. 109; Libby v. Railroad, 137 Mo. App. 276. (2) Neither the pleadings nor the evidence disclosed a joint undertaking or a joint liability on the part of the defendants, and hence the plaintiff's first instruction was erroneous in directing a verdict against both defendants for the fault of either. Meyer v. Railroad, 120 Mo. App. 288; Pipe Co. v. Railroad, 137 Mo. App. 479; Crockett v. Railroad, 147 Mo. App. 347. (3) There was no evidence as to the amount of expenses paid or incurred by the plaintiff for the treatment of the injured mule, and hence it was error to include expenses in the instruction as an element of damages. Duke v. Railroad, 99 Mo. 347; Rhodes v. Nevada, 47 Mo. App. 499; Waldopfel v. Transit Co., 102 Mo. App. 524.

*Arthur Bruton* and *N. T. Gentry* for respondent.

(1) There was sufficient evidence to go to jury as to the manner in which the mule's leg was injured. This court has often held, and so have other Missouri courts, that direct proof is not necessary to establish negligence on the part of the carrier in the transportation of live stock, nor to prove that live stock was injured by reason of negligence of the carrier and not by reason of the vicious propensities of the animal. Hance v. Express Co., 48 Mo. App. 179; Cash v. Railroad, 81 Mo. App. 115. (2) The pleadings in this case clearly indicate a joint undertaking on the part of the defendants to transport the plaintiff's mules over both roads, and the evidence conclusively shows that there was such a joint undertaking, and consequently a joint liability on the part of both defendants. Com. Co. v. Railroad, 87 Mo. App. 334; Shewalter v. Railroad, 84 Mo. App. 589; Wyman v. Railroad, 4 Mo. App. 35; Harp v. Grand Era, 1 Woods (U. S. C. C.) 184; Railroad v. Wilkens, 44 Md. 11. (3) For a defect in a car, furnished by a

carrier, to be used on its road and another road, both carriers are liable in damages to the shipper. Moore on Carriers, 535; Wallingford v. Railroad, 26 S. Car. 631; Sykes v. Railroad, 88 Mo. App. 206.

JOHNSON, J.—This is an action against common carriers prosecuted by the shipper of a carload of mules to recover damages for an injury sustained by one of the animals during transportation. The cause is here on the appeal of both defendants from a judgment of $210 rendered against them.

In our statement of facts and opinion, we shall refer to the first named defendant as the "Milwaukee Company" and to the other defendant as the "Wabash Company." Plaintiff delivered a carload of mules to the Milwaukee Company at North English, Iowa, for transportation to St. Louis. The contract required that the car be transferred to the Wabash Company at Ottumwa, Iowa, where the two roads intersected and that the latter company complete the transportation to St. Louis with the privilege to the shipper of unloading at Centralia, Mo., an intermediate point on the Wabash road. A single charge for the whole transportation was imposed by the contract and was paid by plaintiff to the Wabash Company and divided by the two companies. The mules were loaded in a stock car and were carried to Ottumwa by the Milwaukee Company and there delivered to the Wabash Company. They were hauled by the latter company to Centralia where plaintiff unloaded them and found that one of the animals had a badly injured hind leg. A broken slat in the side of the car showed the cause of the injury. In some manner the slat had been broken during the transportation and the leg of the mule had been protruded through the opening and had been injured in the efforts of the animal to extricate itself. Blood and hair were found on the broken ends of the slat and there is evidence to the effect that the slat, which was of wood, was de-

cayed at the place and had been cracked for sometime. The petition alleges: "That the defendants, unmindful of their duty to the plaintiff, negligently failed to furnish the plaintiff with a good and secure car, in which to ship his mules, but furnished the plaintiff with a car that had weak and insecure slats on either side thereof, which fact was unknown to the plaintiff, and could not have been known by him at said time. That by reason of the weak and insecure slats in the sides of said car, one of said slats was broken during the shipment of said mules, and one of plaintiff's said mules to-wit: a mare mule, caught her hind leg in between said broken slat and other parts of said car, and was thrown to the floor of said car. The plaintiff further states that it was the duty of the defendants, their agents, servants and employees in charge of the car containing the plaintiff's said mules, to so handle said car as not to injure the plaintiff's said mules during said shipment. That the defendants, unmindful of their duty to plaintiff, handled said cars in a rough manner, during the time the plaintiff's mules were being shipped therein. That by reason of the breaking of the slat in the side of said car, by reason of plaintiff's said mule getting her leg caught between said broken slat and other parts of said car, and by reason of the rough handling of said car by the defendants, their agent's servants and employees, the plaintiff's said mule's hind leg was bruised, torn, lacerated, wounded and injured. The plaintiff further states that the two defendants herein have an arrangement between themselves for a continuous shipment of freight and live stock on their lines of railroad, whereby each defendant makes, and is authorized by the other to make, a contract for an agreed price, which the shipper pays in one sum, and which the defendants divide among themselves."

It is argued by defendants "neither the pleadings onr the evidence disclosed a joint undertaking or a joint liability on the part of the defendants and hence the in-

structions were erroneous in authorizing and requiring a verdict against both defendants for the fault of either," citing Myers v. Railway, 120 Mo. App. 288; McLendon v. Railway, 119 Mo. App. 128; Pipe Co. v. Railway, 137 Mo. App. 479. This proposition is answered adversely to defendants in the recent case of Central American S. S. Co. v. Railroad (not yet reported), and we refer to our opinion in that case for an expression of the view we entertain that the undertaking of defendants was joint.

Next, it is argued that the evidence fails to show any breach of duty on the part of the carriers and does not show that the injury to the animal was due to its own inherent vicious propensities. The rule is well settled that "while common carriers are insurers of inanimate goods against loss and damage, except such as is inevitable or caused by public enemies, they are not insurers of animals against injuries arising from their nature and propensities, and which could not be prevented by foresight, vigilance and care. In the transportation of live stock, in the absence of negligence, the carrier is relieved from responsibility for such injuries as occur from or in consequence of the vitality of the freight." [Cash v. Railroad, 81 Mo. App. 113; Crow v. Railway, 57 Mo. App. 135; Libby v. Railway, 137 Mo. App. 276.] And we take judicial notice of the propensity of mules to kick but after all is said in favor of the position of defendants that may reasonably be said, the evidence of plaintiff still accuses defendants of a breach of the duty to furnish plaintiff a car that would be reasonably safe for transporting the stock without injury from any causes that should be reasonably anticipated. [Betts v. Railway, 60 N. W. (Ia.) 623.] We do not say that there was any obligation on the part of the carrier to furnish a car that would resist the kick of a lusty mule but we do say that the jury was entitled to the inference that the injury to the animal was caused by the defective slat

in the side of the car and not by the vice of the animal. The rule is generally recognized that the carrier must furnish suitable cars of sufficient strength for the purposes of the transportation and that the failure to provide such cars is negligence. [Hawkins v. Railroad, 17 Mich. 57; Railroad v. Dorman, 72 Ill. l. c. 506; Railroad v. Silegman, 23 S. W. 299; Brown v. Railroad, 18 Mo. App. l. c. 573; 2 Hutchinson on Carriers, section 509.]

The only error we find in the record is in the instruction on the measure of damages, given at the request of plaintiff, as follows: "If the jury find for the plaintiff, they may award him such damages as the jury find to be the difference, if any, in the market value of said mare mule at the time she was delivered to the defendants for shipment, and the condition of said mare mule at the time she arrived in said car at Centralia, Missouri, not to exceed two hundred dollars; and in addition thereto, the jury may award whatever sum, if any, the plaintiff was compelled to pay out and expend and did pay out and expend for medical aid and treatment of said mule, on account of said injuries, not to exceed the sum of twenty-five dollars, and in all not to exceed two hundred and twenty-five dollars, the amount sued for." Plaintiff testified that in giving medical treatment to the animal he incurred some expense but he could not state the amount of his outlay. The evidence presented the quantum of this item of damage as a matter of pure guesswork. In the absence of supporting evidence this element of damage should not have been submitted to the jury. However, this error can be cured by remittitur and on condition that within ten days from the filing of this opinion, plaintiff shall file a remittitur of twenty-five dollars, the judgment will be affirmed. Otherwise, it will be reversed and the cause remanded. All concur.

## ON REHEARING.

PER CURIAM.—A rehearing was granted in this case, and it has been reargued. On further consideration we see no reason for departing from the opinion heretofore rendered, except that as the plaintiff has filed a remittitur of twenty-five dollars, the judgment will be affirmed, less that sum; the costs of the appeal being taxed against the plaintiff.