JOHN POLLARD, Respondent, v. L. S. BANKS, Appellant.

Kansas City Court of Appeals, June 15, 1896.

Real Estate Broker: COMMISSION: EFFICIENT CAUSE OF SALE: EVIDENCE.   To entitle a real estate broker to his commission he must be the efficient cause in finding a purchaser, and the facts in this case fail to show the plaintiff was such cause.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED.

*W. L. Stocking* for appellant.

(1) It was not sufficient that plaintiff was one of a chain of causes bringing about the sale, but in order for him to recover he must have been the procuring cause or inducing cause. (2) Although plaintiff opened up negotiations with the purchaser, yet if the sale was actually effected by the intervention of new parties and upon different terms, plaintiff could not recover. *Tyler v. Parr*, 52 Mo. 249; *Goffee v. Gibson*, 18 Mo. App. 1; *Gillett v. Ridge*, 117 Mo. 553; *Bell v. Kaiser*, 50 Mo. 150; *Timberman v. Craddock*, 70 Mo. 638; *Gaty v. Foster*, 18 Mo. App. 639; *Gaty v. Sack*, 19 Mo. App. 471; *Millan v. Abbott*, 31 Mo. App. 563; *Brennan v. Roach*, 47 Mo. App. 200; *Vandyke & Co. v. Walker*, 49 Mo. App. 381; *Cox v. Bowling*, 54 Mo. App.

289; *S. W. Co. v. Standard*, 44 Mo. 83; *S. W. Co. v. Plant*, 45 Mo. 519.

*Fyke, Yates & Fyke* for respondent.

(1) Respondent's first and only instruction is based on the facts, and is a correct statement of law. *Tyler v. Parr*, 52 Mo. 249. (2) This is not a case like *Cox v. Bowling*, 54 Mo. App. 289, nor is it a case like *Blackwell v. Adams*, 28 Mo. App. 62.

GILL, J.—Plaintiff sued the defendant for alleged services performed in procuring a purchaser for a lot and dwelling thereon, on South Troost avenue, Kansas City. It was alleged in the complaint that defendant agreed to give plaintiff two and a half per cent commission, if plaintiff would find a purchaser for said property at $7,000; that plaintiff did procure such purchaser, but that defendant refused to pay the commission, and therefore judgment for $175 was prayed. The cause was tried before the court, without a jury, resulting in a judgment for plaintiff and defendant appealed.

The only question is whether or not the finding and judgment of the court is supported by the evidence. We think not. Without any substantial conflict, the testimony discloses about this state of facts: Defendant Banks owned a dwelling house on Troost avenue near Thirty-fourth street, which he desired to sell. In the same vicinity John S. Welch, local manager of Studebaker Brothers, had resided for several years. Welch and family were intimate friends and neighbors of E. G. Fish and family. Welch had occupied a rented house which was at that time sold and he was compelled to move out. Owing to the friendly relations existing between Welch and Fish, the latter interested himself in having Welch purchase or rent

another place in that neighborhood. Shortly before this, Banks acquired the property in question in the foreclosure of a mortgage lien, and he offered it for sale. Fish heard of this and set about to get Welch to purchase it. He talked with Welch several times about the property, and finally, in the early part of April, 1894, Fish (whose office, as assistant superintendent of the Burlington route, was in the Union Depot building) went to Banks (who was ticket agent in the Union Depot) and requested Banks to go with him (Fish) up town and meet Welch and talk over the matter. By this means Fish got Banks and Welch together, and negotiations were opened which, a few weeks afterward, resulted in Welch purchasing the property for $7,000. The sale, however, was to a great extent, brought about and accomplished through the efforts of a real estate firm to whom Banks had given it for sale, and who were only able to effect a sale by loaning Welch a part of the purchase money; and Banks paid this real estate firm the usual commission for making the sale.

Plaintiff Pollard is, and was at the time, a barber, and among his customers were defendant Banks and Mr. Welch. It seems now that a day or two before Fish introduced Banks to Welch, the latter was in Pollard's shop, and Pollard suggested to Welch that the property in question was for sale, and that the owner was a friend of his, etc., and during the interview Pollard requested and obtained Welch's card, with the understanding that he (Pollard) would have Banks call and see Welch. The next day Pollard saw Banks, gave him the card, and Banks, according to Pollard's testimony, then promised the latter the payment of the regular commission if he (Pollard) would find a purchaser for the property. This is now, according to the testimony, substantially all that the plaintiff

did toward securing a purchaser for defendant's property.

After the evidence was in, the court declared the law that, "if the court finds that defendant agreed with plaintiff that if plaintiff would find a purchaser for said property, that he would pay plaintiff the usual and ordinary commission therefor; and if the court further finds that plaintiff did find a purchaser, and by *his efforts procured* a purchaser who purchased defendant's property, at the price of $7,000, and that defendant sold and conveyed said property to such purchaser, then plaintiff is entitled to recover," etc.

This was a correct declaration of law. But the plaintiff's case fails because of the absence of any evidence to prove that plaintiff *did procure the purchaser*. According to the undisputed evidence, Fish was the procuring cause of bringing Welch and Banks together. During a period of time, for at least a week before Pollard had any conversation with Welch or Banks, or had furnished the card to Banks, it is clear that Fish had mentioned the property to Welch and was seeking to have him purchase it. And on the next day after Pollard gave the card to Banks, the latter was induced *by the efforts of Fish and him alone*, to go to Welch's place of business and open negotiations for the sale of the property. There is not a particle of testimony tending to prove that anything said or done by Pollard was instrumental in effecting a sale of the property. Neither is there any ground for the *inference* even that Banks went with Fish and was introduced to Welch because Pollard had theretofore given Welch's card to Banks. The talk at the barber shop between Welch and Pollard at one time, and between Banks and Pollard at another time, had no possible connection with the subsequent coming together of the parties and consequent sale of the property. Banks' action in

calling on Welch was induced by, and brought about through, the efforts of their mutual friend Fish, and not manifestly by anything said or done by Pollard. If Pollard had never met Welch, or given the card to Banks, Fish would have surely brought the parties together, and the sale, with the subsequent aid of the real estate agents, would have been accomplished. How, then, can it be claimed that plaintiff was the efficient cause of procuring a purchaser for the property.

The judgment must be reversed.  All concur.