———o———

A. M. TYLER, Plaintiff in Error, *vs.* W. S. PARR, Defendant in Error.

1. *Contracts—Real estate agents—Commissions, when entitled to.*—If property is put into the hands of a real estate agent to sell, he is entitled to his commission, if the sale is brought about by his advertisements or exertions, or if he introduces the purchaser or discloses his name to the seller, and through such introduction or disclosures the sale is effected, even though the sale may be made by the owner.

*Error to St. Louis Circuit Court.*

*Morris and Peabody,* for Plaintiff in Error.

If the agent introduces or discloses the name of the purchaser, and such introduction or disclosure is the foundation upon which negotiations are begun and the sale effected, he will be entitled to commissions, and this too although in point of fact the sale may have been made by the owner. (Jones vs. Adler, 34 Md., 440; Lincoln vs. McClatchie, 36 Conn., 136; Bell vs. Kaiser, 50 Mo., 150; Wilkinson vs. Martin, 8 Car. & P., 5.)

*W. B. Thompson,* for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by plaintiff to recover of defendant commissions for procuring the exchange of real estate.

Plaintiff was a real estate agent, residing in Jefferson county, and the defendant owned a tract of land in that county, and desired to either sell it or exchange it for other property in St. Louis.   Defendant accordingly placed this land in plaintiff's hands to have a sale or exchange effected, and was to pay him a certain commission for his services; plaintiff advertised the land for sale in his real estate advertiser, and final-

| 52 | 249 |
| 31a | 576 |
| 52 | 249 |
| 37a | 130 |
| 52 | 249 |
| 41a | 51 |
| 41a | 516 |
| 52 | 249 |
| 42a | 581 |
| 52 | 249 |
| 47a | 296 |
| 52 | 249 |
| 117 | 561 |
| 52 | 249 |
| 60a | 564 |
| 52 | 249 |
| 63a | 396 |
| 64a | 397 |
| 52 | 249 |
| 68a | 582 |
| 52 | 249 |
| 73a | 87 |
| 52 | 249 |
| 79a | 332 |
| 52 | 249 |
| 81a | 58 |
| 52 | 249 |
| 85a | 607 |
| 52 | 249 |
| 98a | 51 |
| 99a | 634 |
| 100a | 652 |
| 100a | 653 |
| 100a | 654 |

ly had a correspondence with one Hartman, who represented that he was agent for certain property in St. Louis, and was willing and ready to make the exchange. Plaintiff requested Hartman to call upon his attorneys in St. Louis, and they would furnish him all necessary information. He did so, and the attorneys then introduced him to the defendant. Afterward Hartman as the agent of one Shaw entered into a negotiation with the defendant, and the result was an exchange of property between the parties. Defendant then refused to pay plaintiff any commissions. On the trial the plaintiff asked two declarations of law :

1st. That if the jury found from the evidence, that the plaintiff's agency was the procuring cause of the negotiations between defendant and Shaw, which resulted in an exchange of defendant's property, the plaintiff was entitled to recover, even though the jury might further find that the negotiation was made with the defendant, and without his knowledge that plaintiff's agency was the procuring cause of said negotiations.

2nd. If the jury believed from the evidence, that Shaw was brought to a negotiation with defendant, which resulted in the exchange of defendant's property, from information given him by Hartman, and derived by Hartman from the plaintiff, while plaintiff was acting as the agent of defendant in relation to said property, then the plaintiff was entitled to recover. These instructions the court refused to give, and then on its own motion instructed the jury, that upon the evidence the plaintiff was not entitled to recover. Whereupon, plaintiff took a non-suit, and after an unavailing effort to set the same aside he sued out his writ of error.

The court certainly erred in its ruling. There was sufficient evidence to take the case to the jury. Moreover the declaration asked by the plaintiff asserted correct propositions of law.

The law is well established, that in a suit by a real estate agent for the amount of his commission it is immaterial that the owner sold the property and concluded the bargain. If after the property is placed in the agent's hands, the sale is brought about or procured by his advertisement and exertions,

he will be entitled to his commissions. Or if the agent introduces the purchaser, or discloses his name to the seller, and through such introduction or disclosure negotiations are begun, and the sale of the property is effected, the agent is entitled to his commissions though the sale may be made by the owner. (Bell vs. Kaiser, 50 Mo., 150; Jones vs. Adler, 34 Md., 440; Lincoln vs. McClatchie, 36 Conn., 136; Durkee vs. Vermont Central Railw., 29 Vt., 127.)

Whereupon it follows, that the judgment must be reversed and the cause remanded.

Judge Sherwood is absent. The other Judges concur.