Timberman v. Craddock.

---

TIMBERMAN et al., *Plaintiffs in Error*, v. CRADDOCK.

**Broker, when entitled to Compensation.** A broker employed to effect a sale is entitled to compensation if he is the procuring cause of negotiations which result in a sale, even though the negotiation are conducted and concluded by the parties principal in person.

*Error to Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*Stephen P. Twiss* for plaintiffs in error, cited in argument *Tyler v. Parr,* 52 Mo. 249 ; *Bell v. Kaiser,* 50 Mo. 150 ; *Woods v. Stephens,* 46 Mo. 555.

*F. M. Black* for defendant in error.

Hough, J.—This was an action on an express contract, by which, as it was alleged, the defendant promised to pay to the plaintiffs, a real estate firm in the city of St. Louis, the sum of $1,000 for effecting an exchange of a stock of goods belonging to the defendant, for real property in Kansas City. Timberman, one of the plaintiffs, went with the defendant to Kansas City and remained with him there about eight days, boarding at the same hotel with him and occupying the same bed. There was testimony tending to show that it was agreed between Timberman and the defendant, before they left St. Louis, that the defendant was to pay to the plaintiffs $1,000 if any trade was made, and that defendant had frequently admitted his liability; that Timberman introduced the defendant to the firm of Smith & Green, real estate brokers at Kansas City, and the agents of St. Clair & Vincent who were the owners of the property for which the defendant exchanged his goods; that Timberman brought St. Clair to the office of Smith & Green to see the defendant, and sent word to Vincent, who was in Jasper county, requesting him to come to Kansas City; that while at Kansas City Timberman acted for the defendant and in his interest; that he had frequent conversations with St. Clair & Vincent, and also with their agents, Smith & Green, concerning the trade, and was present when it was consummated and the agreement of exchange was signed by Craddock and by St. Clair & Vincent. The testimony for the defendant tended to show that the agreement at St. Louis was, that he would give plaintiffs $1,000 if they would make a satisfactory exchange of his goods for certain real property in Kansas City,

known as the Hill Mill property; that defendant and Timberman went to Kansas City, but failed to make said exchange, and that while there defendant himself negotiated a trade with St. Clair & Vincent, through Smith & Green, and that defendant at no time agreed to pay Timberman $1,000 on account of the exchange with Vincent & St. Clair.

At the request of the plaintiffs the court instructed the jury as follows: "If the evidence shows that on and previous to the 20th day of February, 1875, James R. Timberman, John W. Fretwell and Nelson C. Orear were partners under the firm name of James R. Timberman & Co., and real estate brokers, and said firm were the agents of the defendant, or engaged or employed by the defendant to negotiate a sale or exchange for him, of his property, and that they as such agents were the procuring cause of negotiations between defendant and Vincent & St. Clair which resulted in an exchange of defendant's property, for other property, then these plaintiffs, if you find they are the owners of the claim sued upon and partners under the firm name of J. R. Timberman & Co., and that defendant promised and agreed to give the former firm of James R. Timberman & Co., composed of James R. Timberman, John W. Fretwell and Nelson C. Orear, $1,000 to negotiate, or for having negotiated said trade or exchange, are entitled to a verdict of $1,000, even though the evidence may show that the negotiations resulting in said exchange or trade were between the defendant and the agents of Vincent & St. Clair for that purpose, or with them and Vincent & St. Clair together."

Three instructions were given for the defendant, the first of which is as follows: "The jury are instructed that before they can find for the plaintiffs they must believe from the evidence, that Timberman & Co. did negotiate and make the sale and exchange of the goods with Charles H. Vincent for the lands and notes, and that the defendant agreed with said Timberman & Co. to pay to them the sum

of $1,000 therefor, and unless such agreement is satisfactorily established, plaintiffs cannot recover in this form of action." This instruction is not in harmony with the decision of this court in *Tyler v. Parr*, 52 Mo. 249, and is also in conflict with the instruction given for plaintiff, which properly declares the law. *Simmons v. Carrier*, 60 Mo. 585. The judgment must be reversed and the cause remanded. All concur.