63   393
68   582
63   393
79   332
146m 492
63   393
81   58
63   393
d97  ¹674

Everett M. Bass, Respondent, v. Edwin Jacobs, Appellant.

St. Louis Court of Appeals, November 12, 1895.

1. **Agency:** RIGHT TO COMMISSIONS FOR SALE OF LAND. If an agent for the sale of real estate introduces the purchaser, or discloses his name, to the owner, and negotiations are begun and the sale is effected through such introduction or disclosure, the agent is entitled to his commissions, though the sale is made by the owner.

2. ———: EMPLOYMENT OF SUBAGENT. When such an agent is authorized to employ a subagent to assist him in effecting a sale, and does so, he is answerable, as between himself and his principal, for the misconduct of such subagent.

3. **Law and Fact:** INFERENCE FROM WRITING. When a writing is adduced as containing evidence of a certain fact, and different inferences may be drawn from it, it is for the jury and not the court to draw the inference.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Affirmed.

· *J. K. Hansbrough* for appellant.

*Henry M. Bryan* for respondent.

Rombauer, P. J.—The plaintiff sues the defendant for the amount of reasonable and customary commissions due him as agent for having been the means of effecting a sale of the defendant's farm at defendant's request. The answer is a general denial. The cause was tried by the court without a jury, and the trial resulted in a judgment for plaintiff for $475, which is four per centum on the amount for which the farm was sold. The defendant appeals, and assigns for error that there is no substantial evidence to

support the verdict, and that, under the uncontroverted facts, the judgment should have been in favor of the defendant.. It is also assigned for error that the judgment is excessive.

The original agency of the plaintiff is conceded. It is also conceded that the plaintiff was to have a reasonable commission, if he sold the farm. The substantial defenses interposed at the trial, and now urged against the recovery, may be summarized as follows: That the plaintiff was not the procuring cause of the sale; that he forfeited his compensation by unfaithfulness to his trust; that he abandoned the agency prior to the consummation of the sale; and that there was no evidence of customary commissions, which would warrant the trier of the facts in fixing them at four per cent.

On the first three of these propositions the defendant asked, and the court gave, appropriate instructions based on the facts developed by the evidence.. The complaint, therefore, is not that the court misconceived the law, but that the court misapplied it in finding the legal effect of the facts established by the evidence.

The facts established by the evidence rest almost wholly upon the correspondence between the parties. The defendant was the owner of a farm in Boone county, Missouri, and gave to the plaintiff in January, 1891, the agency for its sale. The original price put upon the farm by the defendant was $13,500. The plaintiff found one Bright as a purchaser, but Bright deemed the price too high, and, after ineffectual attempts on his part to reduce it, negotiations were temporarily broken off. In December, 1891, Bright wrote to defendant asking him to put a price on the farm, and defendant put the price down to $13,000, to which Bright replied that $10,000 would be all he could be induced to give. In July, 1892,

the defendant wrote to the plaintiff, referring to Bright's last offer, concluding his letter as follows: "I think if he (Bright) were approached in the right way, he could be brought up to an offer of $11,500. You might smell around the first opportunity you get, if you think the prospect of success would warrant, but not otherwise, and under no circumstances let him think that it was on my account."

The plaintiff did not thereafter see Bright personally, but sent one Anderson to him, as also his (plaintiff's) brother to try to induce Bright to buy. Bright testifies that plaintiff's brother solicited him continuously to buy the farm from that time on until he actually bought it. Anderson, who was also acting on behalf of plaintiff, made an offer to Bright to buy the farm jointly with him, provided Bright could buy it cheap. Anderson, whose evidence is also in the record, testifies that he made this offer, although he was satisfied Bright did not want a partner in the purchase. On January 2, 1893, the defendant again wrote to the plaintiff, stating: "I have about made up my mind to sell it to him for $10,000, if he is still in the notion and in a position to buy it. If you can sell to him or his successor at $10,500, adding the $500 to make your commission, for I would want $10,000 clear, you might try the deal; but I would not want you to offer it at the same figure to anybody else. If you can do anything with this matter in the next ten days, try it; if you can not, let the matter drop." After the receipt of this letter plaintiff again sent his brother and Anderson to Bright, and there is some evidence that Bright's subsequent purchase directly from defendant was induced by the apprehension that, if he would not buy, Anderson would.

On January 24, 1893, the plaintiff wrote to defendant: "Your last duly received, and through a

friend here learned that Bright talked so disgustingly as to the quality, location, etc., of the place, that I would go no further with him." Early in March, 1893, the fendant sold the farm directly to Bright for $9,500, with a credit of $100 for a slight defect in the title to a few acres.

This was, in substance, all the evidence bearing on the question for review. The defendant contends that it has no tendency to show that the plaintiff was the procuring cause of the sale, and that it affirmatively and conclusively shows that plaintiff had abandoned his agency prior to the consummation of the sale, and that he was guilty, through his subagent Anderson, of such bad faith as to forfeit all claims for compensation.

It was held, in *Tyler v. Parr*, 52 Mo. 249, that, if the agent introduces the purchaser, or discloses his name, to the seller, and through such introduction or disclosure negotiations are begun, and the sale of the property is effected, the agent is entitled to his commissions, though the sale is made by the owner. This view of the law was approved in *Timberman v. Craddock*, 70 Mo. 638, and in *Gelatt v. Ridge*, 117 Mo. 553. The evidence in the case at bar had certainly a tendency to show that plaintiff did introduce the purchaser to defendant, and that the sale would not have been effected but for such introduction. To that extent the plaintiff was the procuring cause of the sale.

Whether plaintiff's letter of January 24, 1893, amounted to an abandonment of his agency was a question of fact, and not of law. When a writing is adduced as containing evidence of certain facts and different inferences may be drawn from it, it is for the jury and not the court to draw the inferences. *Mantz v. Maguire*, 52 Mo. App. 136; *Primm v. Haren*, 27 Mo. 205.

The plaintiff was authorized to employ subagents in aiding him to effect the sale. *Renwick v. Bancroft*, 56 Iowa, 527. These agents did not thereby become the agents of his principal, but were his own, for whose conduct he was alone responsible. It is claimed that the misconduct of Anderson, plaintiff's subagent, was such as to forfeit plaintiff's claim for compensation. But Anderson's explanation that he knew that Bright wanted no partner in the purchase when he made the offer to him to become a joint purchaser, coupled with plaintiff's explanation that he never authorized Anderson to make such an offer, was some evidence that the subagent was not guilty of misconduct and that plaintiff was wholly unaware of it, even if he was. The plaintiff in this case was not authorized to sell at the figure at which defendant ultimately sold. The price was limited by the principal, and it does not appear that anything which Anderson did had a tendency to reduce the price at which defendant ultimately sold. The case of *Barnard v. Coffin*, 138 Mass. 37, is in point.

The only additional complaint made by the defendant is that there was no substantial evidence, that a customary agent's commission in the locality where the land was situated was four per centum on the purchase price. We find that there is sufficient evidence to be found in the depositions of Penter and Warren to justify the finding.

The judgment is affirmed. All concur.