WRIGHT & ORRISON, Respondents, v. E. D. BROWN, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Real Estate Broker**: COMMISSIONS: WHEN EARNED. Where real property has been placed in the hands of an agent for sale and he is the procuring cause of the sale, he is entitled to his commissions.

2. ——: ——: ——: ABLE PURCHASER. When a purchaser procured by real estate agent has performed the contract, the question of his primary responsibility is eliminated from the controversy.

3. ——: ——: ——: SEVERAL AGENTS. When the property is in the hands of several agents, the commissions do not belong to the agent who first consummates the sale unless there is a distinct contract to that effect, but to the agent who is the procuring cause of the sale; and in this case it is *held* the plaintiff firm were entitled to the commissions as against their rival agency.

4. **Evidence**: FIRST REFUSED, THEN ADMITTED. Where the evidence was refused admittance but it was subsequently substantially admitted, the error is harmless.

5. **Appellate and Trial Practice**: ARGUMENT OF COUNSEL: COURT'S DISCRETION. The trial judge should keep the argument of the counsel within proper bounds. The appellate court will not interfere unless such discretion is abused.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*Brown, Chapman & Brown* for appellant.

(1) It is competent to ask the purchaser as a witness if he would have purchased had he not gone to plaintiffs and obtained information from them; also through whose influence he made the purchase, or what plaintiffs had to do in selling the property. Abbott's

Trial Evidence, p. 380; *Mansell v. Clements*, L. R. 9 Conn. 139; s. c., 8 Moak's Eng. R. 449. Witness Clawges testified that he was a married man and the head of a family. That he had no personal property of any character except his wardrobe and that he was receiving as a railway mail clerk the sum of $1,100 a year, which was his entire income and out of that he had paid upon this property some $900. (2) The instructions given upon behalf of plaintiffs do not reflect the evidence; they are indefinite, misleading and could only confuse the jury and cloud the real issue in the case. The evidence as a whole does not sustain them. The court refused three instructions asked by the defendant. (3) The law is that a real estate agent is entitled to his commission (allowing that there is a contract) when he produces a purchaser who is willing and able and offers to make the purchase according to the terms of the employment, or when he secures a valid contract of purchase signed by a person who is able to specifically perform it, or is financially able to answer in damages in case he should make default. *Chipley v. Leathe*, 60 Mo. App. 20; *Brauckman v. Leighton*, 60 Mo. App. 42; *Hayden v. Grillo*, 35 Mo. App. 654; Mechem on Agency, sec. 966. (4) The evidence is conclusive that the purchaser not only refused to comply with and complete the contract, but that he refused to purchase through plaintiff at all, and without fault of defendant. The mere fact that a contract was signed between these parties, which was not to become binding until something else was done, does not entitle plaintiffs to a commission. The law requires something more. *Hayden v. Grillo*, 42 Mo. App. 1; s. c., 35 Mo. App. 656; s. c., 26 Mo. App. 293; *Chipley v. Leathe*, 60 Mo. App. 20; *Gelatt v. Ridge*, 117 Mo. 560; Mechem on Agency, sec. 966. It is held in this and other states that the contract of a broker is complete

when he delivers or tenders to the owner a valid written contract, containing the terms of sale agreed on, signed by a party able to comply therewith, or to answer in damages if he should fail to perform. *Love v. Owens*, 31 Mo. App. 501; *Ramsey v. West*, 31 Mo. App. 676; *Collins v. Fowler*, 8 Mo. App. 588; *Moses v. Bierling*, 31 N. Y. 464; *Hyanes v. Miller*, 71 Ga. 618; *McGavock v. Woodief*, 20 Howard (N. Y.) 226; *Buckingham v. Harris*, 10 Colo. 455; *Ward v. Cable*, 10 Am. St. Rep. 590, note; Mechem on Agency, sec. 966; *Livezy v. Miller*, 61 Md. 343; 2 Am. and Eng. Encyclopedia of Law, p. 583; *Erp v. Cummins*, 54 Pa. St. 394; *Doonan v. Ives*, 73 Ga. 295; *Wylie v. Bank*, 61 N. Y. 416; *Mears v. Stone*, 44 Ill. App. 444; *Sibbald v. Iron Co.*, 83 N. Y. 378. (5) A real estate broker has not earned his commission until he has produced a purchaser who is ready, willing, and able to buy upon the terms named. *Gelatt v. Ridge*, 117 Mo. 560; *Hayden v. Grillo*, 26 Mo. App. 289; s. c., 35 Mo. App. 647; s. c., 42 Mo. App. 1; *Chipley v. Leathe*, 60 Mo. App. 20; *Brauckman v. Leighton*, 60 Mo. App. 42; Mechem on Agency, sec. 966; *McGavock v. Woodief*, 20 Howard (U. S.), 221; *Kimberly v. Henderson*, 29 Md. 512; *Iselin v. Griffith*, 62 Iowa, 668; *Nesbitt v. Helser*, 49 Mo. 383.

*Scarritt, Griffith & Jones* for respondents.

(1) It is a principle of law in this state, established by a long series of cases, that when real estate is placed in the hands of a real estate agent for sale and a sale is brought about through his exertions, or, in other words, if he is the procuring cause of the sale, he is entitled to his commission. *Stinde v. Blesch*, 42 Mo. App. 578; *Brennan v. Roach*, 47 Mo. App. 290; *Henderson v. Mace*, 64 Mo. App. 393; *Tyler v. Parr*, 52 Mo. 249; *Timberman v. Craddock*, 70 Mo. 638; *Bell v. Kaiser*, 50 Mo. 150; *Woods v. Stephens*, 46 Mo. 555;

*Bass v. Jacobs*, 63 Mo. App. 393; *Jones v. Berry*, 37 Mo. App. 130; *Millan v. Porter*, 31 Mo. 576; *Gaty v. Sack*, 19 Mo. App. 476; *Dowling v. Morrill*, 43 N. E. Rep. (Mass.) 295; *Day v. Porter*, 43 N. E. Rep. (Ill.) 1073. And the fact that the principal, or another, or other persons, or agents, may have conducted the final transfer of the property, or may have varied the terms of the first negotiations, does not affect the rule. *Wetzell v. Wagoner*, 41 Mo. App. 516. (2) There is abundant evidence upon which to base plaintiff's instructions and to submit the case to the jury, and the finding of the jury thereupon is, therefore, final. *Stinde v. Blesch*, 42 Mo. App. 578; *Millan v. Porter*, 31 Mo. App. 576; *Jones v. Berry*, 37 Mo. App. 130; *Eggleston v. Austin*, 27 Kan. 245. (3) His fourth instruction is a comment upon the fact of Clawges' refusal to make the cash payment, or his refusal to carry out the contract, and purports to make the whole case turn upon such refusal. Such comments on a single fact are not proper. *Benjamin v. Railroad*, 50 Mo. App. 611; *Noyes v. Cunningham*, 51 Mo. App. 194; *Steinwender v. Creath*, 44 Mo. App. 356, 366. (4) The ground of recovery relied upon by plaintiffs is that they were the procuring cause of this executed, consummated sale. *Stinde v. Blesch*, 42 Mo. App. 581. (5) The alleged argument of counsel complained of is subject to just criticism for bad grammar and worse law. Such matters lie largely within the discretion of the trial court, and that court, having heard the whole argument, should not be found to have violated its discretion by the criticism of two short and disconnected sentences of the argument. *Hoffmann v. Hoffmann Ex'r*, 126 Mo. *loc cit.* 499; *Sidekum v. Railroad*, 93 Mo. 407.

SMITH, P. J.—This is an action which was brought by plaintiffs against defendant before a justice

of the peace to recover a commission of $112.50 for the sale of certain real property. It appears from the evidence that the defendant was the owner of a certain real estate situate on the corner of Forty-first and Oak streets in Kansas City, and that he authorized the plaintiff, with several other agents, to sell the same for $4,500. It further appears that plaintiffs advertised the property for several months and took a number of persons, among whom was a Mr. Clawges, to look at it. It appears that after the plaintiffs had shown the property to Clawges he expressed himself greatly pleased with it. The price, terms, etc., of the sale were made known to him and to which he agreed. The plaintiff thereupon drew a contract between Clawges and defendant embodying the terms and conditions of the sale, which was signed by both of them. The contract provided for the payment of $50 on the next day after the date of the contract, and on which day Clawges called the plaintiffs over the telephone and undertook to conduct a conversation with them in relation to the contract, but the telephone was working badly so that the conversation was not full and complete as it otherwise would have been. The plaintiffs, however, understood that Clawges was not satisfied with some term of the contract and desired to change the same. Plaintiffs thereupon inquired of Clawges whether he wished "to back out," when the latter responded that the former could consider it that way if they wished.

STATEMENT.

It appears that Clawges took offense at the plaintiffs' inquiry and would not thereafter have anything further to do with them. A few days thereafter the Mechanics' Realty Company, another real estate agency, who was likewise an agent of the defendant, informed Clawges that it was authorized to sell the property in question and after talking over the matter the latter

agency prepared a contract which, except as to the item of interest, embodied substantially the same terms and provisions as that which Clawges had previously entered into with the defendant. This latter contract was presented to the defendant who, with Clawges, signed the same. It was subsequently executed by the parties thereto and thereupon the defendant paid the Mechanics' Realty Company the same amount of commission as is herein sued for.

There was a trial in which plaintiffs had judgment and defendant has appealed.

The question arises whether the plaintiffs or the Mechanics' Realty Company are entitled to the commissions for the sale; if the former the judgment must stand, and if the latter it must be reversed.

It has been repeatedly declared by the appellate courts of this state that where real property has been placed in the hands of an agent for sale, and a sale is brought about through his exertions, or, which is the same thing, if he is the procuring or proximate cause of the sale, he is entitled to the commission. *Wetzell v. Wagoner*, 41 Mo. App. 509; *Stinde v. Blesch*, 42 Mo. App. 578; *Brennan v. Roach*, 47 Mo. App. 290; *Henderson v. Mace*, 64 Mo. App. 393; *Tyler v. Parr*, 52 Mo. 249; *Bass v. Jacobs*, 63 Mo. App. 393; *Jones v. Berry*, 37 Mo. App. 130; *Gaty v. Sack*, 19 Mo. App. 476; *Timbermann v. Craddock*, 70 Mo. 638; *Bell v. Kaiser*, 50 Mo. 150; *Millan v. Porter*, 31 Mo. App. 576; *Woods v. Stephens*, 46 Mo. 555. And this is so even where the principal or another or other persons or agents may have conducted the final transfer of the property, or may have varied the terms of the first negotiation. For if the rule was otherwise the principal could deprive his agent of his compensation by selling for a different price, or by switching the buyer from one agent to another

*REAL estate broker: commissions: when earned.*

with whom he might be more friendly and thus open the way for the perpetuation of the rankest injustice. The principle announced in *Hayden v. Grillo*, 35 Mo. App. 647, and the cases that have followed have no application to executed sales.

When the agent produces a purchaser who is willing and able and who offers to make the purchase according to the terms of the employment, —:—:—: or when he secures a valid contract of *able purchaser.* purchase signed by one who is able to specifically perform it or is financially able to answer in damages in case he makes default, and the principal for any reason refuses to accept the purchase or carry out the contract, the agent is entitled to compensation. *Chipley v. Leathe*, 60 Mo. App. 20. And when the purchaser is accepted and the contract executed, the principal can not be heard to say when the agent calls on him for compensation, that "you did not produce a purchaser who was financially able to perform the contract and respond in damages, in case of nonperformance by him, and therefore I owe you nothing for your services." When the purchaser, in a case of this kind, has performed the contract, the question of his primary responsibility is eliminated from the controversy. There is no such issue of facts in this case.

Nor is it the law of this state that when real property is put in the hands of several agents as here that the commissions belong to the agent who —:—:—: first consummates the sale, unless there is *several agents.* a distinct contract between the principal and the agent to that effect. In the absence of such contract it must be paid to the agent whose exertions are the procuring cause of the sale. "After he has shaken the tree, another agent is not permitted to run up and carry off the fruit; and if the owner allows this to be done he is responsible to the first agent." *Brennan v. Roach*, 47 Mo. App. 290.

The plaintiffs' evidence clearly discloses that they were the procuring cause of the sale. It was through their exertions the defendant and Clawges were brought together. Clawges was not quite satisfied with the terms of the contract which he had in the first *instance* entered into with the defendant so he had Mechanics' Realty Company, another agent of defendant, to draw a second contract so modified as to conform to his wishes, which was presented to the defendant and signed by him. Thus it is seen that the defendant agreed to the variance between the two contracts. With this variance already referred to the contract of sale was accepted and executed. Under these conditions if the plaintiffs were the procuring cause of the sale, if by their exertions the sale was brought about they and not the Mechanics' Realty Company were entitled to the commissions.

The instructions given by the court at the instance of the plaintiffs are in substantial harmony with the views we hereinbefore expressed. The second and third instructions requested by defendant were properly refused. Since the defendant entered into the contract with Clawges, which was subsequently performed by the latter, the question of his solvency can have no bearing on the issues the jury were required to determine. The refusal by the court of defendant's fourth instruction offered no just ground of complaint, since it is substantially the same as its first, which was given by the court.

Some objection has been made to the action of the court in refusing to permit one or two of the defendant's witnesses to answer certain questions. EVIDENCE: first refused, then admitted. These questions were substantially answered later on in their testimony. No harm, however, is perceived to have resulted to defendant from the action of the court in this regard.

The defendant finally contends that the court erred in not rebuking Mr. Scarritt for making certain remarks to the jury during the course of the argument. They were no more than deductions from a certain fact which the evidence tended to establish. It is the duty of the judge who presides at the trial to keep counsel within proper bounds. He hears the argument and is in a better position than the appellate court can be to determine when he should interfere; much must be left to his discretion. An appellate court can not interfere unless it appears that his discretion has been abused. *Hoffmann v. Hoffmann*, 126 Mo. 486. We can not say that the trial court was derelict in its duty.

The judgment will be affirmed. All concur.