ELIZABETH HENKLE, Assignee, etc., Appellant, v. THOMAS DUNN, Respondent.

St. Louis Court of Appeals, January 20, 1903.

Principal and Agent: COMMISSION: SECURING A TENANT: EVIDENCE. Defendant agreed to pay plaintiff a certain commission if she obtained a tenant for a building which defendant was erecting. She showed the plans to one who wished to rent, and twice visited the building with him, but he refused to rent at the terms offered. After a portion of the building had been rented to other tenants, another real estate agent influenced the one whom plaintiff had solicited, to rent the remainder of the building, and on different terms from those offered through plaintiff; plaintiff took no part in the contract finally made: *Held*, that plaintiff was not entitled to a commission.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

AFFIRMED.

*Alex. J. B. Garesche* for appellant.

*A. R. Taylor* for respondent.

REYBURN, J.—This action originated before a justice of the peace of the city of St. Louis upon the account following:

"St. Louis, June 18, 1901.
"Thomas Dunn,
              "To Mary E. Dwyer.

"To commissions for renting property of Thomas Dunn on Lucas avenue between Tenth and Eleventh streets in the city of St. Louis to Morris Lipschitz for a term of five years at a rental of $3,000 per annum (one per cent on $15,000), $150."

An appeal was had to the circuit court of the city of St. Louis, where a jury being waived, the case was tried before the court. The testimony showed that in May, 1900, Lipschitz was desirous of obtaining new business quarters, and had suggested to Mrs. Dwyer to find him a location, and the latter learning that Dunn was about to erect a five-story building at 1009 Lucas avenue, called upon him and he promised that if she obtained a tenant for him he would pay her a commission of one per cent upon the rental of the leasehold term. That thereupon she received the plans and specifications of the proposed building, and submitted them to Lipschitz, and twice visited the building with him while it was in course of erection. Lipschitz stated the building was not finished, criticised its plan, and found fault with the location, and further told Mrs. Dwyer to wait, that the rental demanded, $3,500 per annum, was too high, and that Dunn would take less; until the latter part of October, when the building was approaching completion, Mrs. Dwyer continued her efforts to prevail on Lipschitz to become Dunn's tenant, but she never prevailed on him to accept the rate demanded by Dunn, or offered Dunn a rate acceptable to him. In the meantime, the four upper floors, and later, part of the second floor, through a real estate agent,

Bowman by name, had been rented to other tenants. About the first of November, the same real estate agent, who had been negotiating with Lipschitz for a year prior in attempting to locate the latter in new business quarters, called upon him and finally influenced him to again look at the remaining unoccupied portions of the Dunn building, namely, the basement, first floor and part of the second floor, and closed a lease therefor at the rate of $3,000 per annum.

The testimony clearly showed that Lipschitz steadfastly refused to make any proposition approved by defendant through Mrs. Dwyer, or to accept any proposition made by her on behalf of the owner of the building to him. At the close of the testimony, the court, at request of plaintiff, gave the following instruction:

"The court declares the law to be that if the defendant authorized the plaintiff to rent the premises of the defendant on Lucas avenue, and that in pursuance of such authority plaintiff did make efforts to rent said premises, and did disclose and introduce to the defendant, Morris Lipschitz, and thereupon negotiations were begun between the plaintiff on behalf of said defendant, and said Morris Lipschitz, and through the exertions of the plaintiff the premises of the defendant were leased to said Morris Lipschitz, then the plaintiff is entitled to recover, even though the final negotiations were at a rental less than that authorized by the defendant, and even though said final negotiations were conducted by another agent of the defendant."

And further gave the following instructions:

"The court declares the law to be that under the pleadings and evidence, plaintiff is not entitled to recover.

"The court instructs that there is no evidence in this case that the leasing of the premises of the defendant to Morris Lipschitz was induced by the plaintiff, and she is not entitled to recover."

From the foregoing statement of the testimony, which presents no issue of facts, it is manifest that

plaintiff's assignor failed in her diligent efforts to accomplish a lease of the premises between defendant and Lipschitz, and that the latter, after the negotiations theretofore conducted by Mrs. Dwyer had terminated, finding he was compelled to obtain new quarters, finally accepted the tenancy of a portion of the building, which portion was considerably smaller than those parts he originally desired, and at a price higher than he was at first willing to pay for the whole of the portions of the building he deemed he required, but that this tenancy was secured through the independent agency of Bowman wholly without the instrumentality of Mrs. Dwyer. Pollard v. Banks, 67 Mo. App. 187. This case is not within the principle of Bass v. Jacobs, 63 Mo. App. 393, Wright v. Brown, 68 Mo. App. 577, and like authorities cited. The judgment of the court below was therefore correct and is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.