J. BROWN HAMILTON et al., Appellants, v. CHARLES HATHAWAY, Respondent.

**Kansas City Court of Appeals, January 16, 1911.**

1. **REAL ESTATE AGENTS: Contracts of Employment: Commissions.** Where an agent produces a purchaser ready, willing and able to buy upon the terms proposed by the owner, the agent is entitled to his commission.

2. ———: **Modification of Terms.** Although the final terms of sale are different from those authorized by the owner in the original contract of employment of the agent, modifications having been made by the owner in his negotiations with a purchaser produced by the agent, the agent is nevertheless entitled to his commission.

3. ———: ———. Because a landowner agrees to sell his land at a stipulated price provided the purchaser will pay his agent's commission, does not change the relationship of the parties, or make the real estate agent, who produced to the owner the purchaser, the agent of the purchaser.

Appeal from Callaway Circuit Court.—*Hon. N. D. Thurmond*, Judge.

REVERSED AND REMANDED.

*Harris & Hay* for appellants.

(1) If a broker produces a bona-fide purchaser, that is, a purchaser who is able, ready and willing to perform the contract, upon his principal's terms, or upon modified terms accepted by the principal, he is entitled to his commissions without reference to the consummation of the sale, unless the failure to consummate it is chargeable to the purchaser, and not to the fault or refusal of the principal. Henderson & Jones v. Mace, 64 Mo. App. 393; Hoovey & Brown v. Aaron, 133 Mo. App. 573; Glade v. Mining Co., 129 Mo. App.

443; Hogan v. Slade, 98 Mo. App. 44; Sallee v. McMurry, 113 Mo. App. 253. (2) If a principal, while an agent's authority to sell stands unrevoked, chooses to sell property, either in person, or through another agent, to a customer procured by the efforts of the agent, for a less price than that which the agent was authorized to offer, he must pay the agent his just commission. Hoovey & Brown v. Aaron, 133 Mo. App. 573; Glade v. Mining Co., 129 Mo. App. 443; Hogan v. Slade, 98 Mo. App. 44. (3) "The principal can fix the terms to suit himself upon meeting the purchaser provided by the broker, and can even vary the terms if he sees fit, that were originally provided between himself and the broker and upon doing so, would be obligated to pay the broker commissions upon his failure thereafter to carry out the contract in accordance with the terms agreed upon between himself and the prospective buyer." Sallee v. McMurry, 113 Mo. App. 253; Simmons v. Oneth, 140 Mo. App. 269.

*J. W. Tincher* and *J. R. Baker* for respondent.

Appellants are not entitled to any commission unless there was some kind of an agreement between respondent and the prospective purchaser, Quisenberry, upon the modified terms. There should have been a meeting of minds. The prospective purchaser should have accepted the terms and conditions made by Hathaway at the time they were made. As he did not do this there was no obligation upon Hathaway to keep such terms open and to comply with them at any future time that the prospective purchaser or the appellants should ask to do so. We submit that the court did not err in excluding the written contract signed by appellants and the prospective purchaser. This contract was not signed by respondent, Hathaway; neither was he under any obligation to sign it. This document did not tend to prove or disprove any issue in the case and was therefore irrelevant and immaterial.

JOHNSON, J.—Plaintiffs, real estate agents at Fulton, sued to recover a commission alleged to be due them from defendant. In obedience to a peremptory instruction the jury returned a verdict for defendant and plaintiffs appealed from the judgment entered thereon.

The undisputed facts in evidence are as follows: In August, 1909, defendant employed plaintiffs to sell his farm of 162 1-2 acres in Callaway county at sixty-five dollars per acre and agreed to pay the usual commission if a sale were effected at that price by or through the efforts of plaintiff. The contract was not reduced to writing. In October plaintiffs found a customer who was able to buy the farm but who wished to enter into negotiations with defendant with a view to obtaining a better price and terms than those proposed by plaintiffs. Accordingly, plaintiffs took him out to the farm, introduced him to defendant and after an inspection of the land, the parties discussed the price and terms. Finally defendant offered to sell the farm for ten thousand dollars, provided the buyer would pay the commission which plaintiffs then fixed at $275. The customer insisted that defendant accept ten thousand dollars and pay the commission himself. As to terms the customer proposed that he be permitted to make a down payment of five hundred dollars and to pay the remainder of the purchase price the first day of the following March. This proposal was satisfactory to defendant but he would not agree to reduce his price and stood in the position he first took that he must have ten thousand dollars net for the farm. The parties separated with no difference between them except the question of the commission and the evidence of plaintiffs is to the effect that the customer was to have until the following day to decide whether or not he would buy at defendant's price. The customer testified:

"I says, 'I will leave word with Mr. Hamilton (one of plaintiffs) this evening or in the morning whether

I take the place or not and he (defendant) says all right.' "

That night he notified plaintiffs of his decision to buy at defendant's price and on the agreed terms. Plaintiffs at once prepared a written contract of sale which he signed and made the down payment of five hundred dollars to plaintiffs. The next day plaintiffs told defendant what they had done and presented the contract of sale for his signature but he refused to sell. It is not contended that the contract of sale was not in strict accordance with the terms proposed by defendant himself, nor that the purchaser lacked any of the requisite qualifications but it is contended by defendant that his proposal was not left open to future acceptance but ended with the customer's failure to accept it immediately and, further, that since the proposal, acquiesced in by plaintiffs, contemplated that they should be paid their commission by the purchaser, they ceased to be the agents of defendant and became the agents of the purchaser.

We cannot conceive of any sound reason for the ruling of the learned trial judge sustaining the demurrer to the evidence. That evidence shows that while the employment of plaintiffs stood unrevoked they produced a purchaser who was ready, able and willing to buy on the terms proposed by defendant himself. These terms were different from those authorized by defendant in the original contract of employment, but the rule is well settled that a modification of the terms of sale made by the landowner in his negotiations with a purchaser produced by the agent does not deprive the latter of his right to a commission. [Henderson v. Mace, 64 Mo. App. 393; Hovey v. Aaron, 133 Mo. App. 573; Glade v. Mining Co., 129 Mo. App. 443; Hogan v. Slade, 98 Mo. App. 44; Sallee v. McMurry, 113 Mo. App. 253.]

Defendant's offer to the customer, together with his agreement to allow time for its consideration and acceptance, being acquiesced in by plaintiffs constituted

a modification of the contract of agency and authorized plaintiffs to close the sale on the new terms within the time allotted.

The suggestion that plaintiffs became the agents of the customer instead of the agents of defendant, from the mere fact that the new terms of sale were phrased to require the buyer to pay ten thousand dollars to defendant and the commission, is too absurd for serious consideration.   There was no change in the relationship of the parties and, under the admitted facts, the only issue in the case was whether or not the proposition of defendant to accept a price less than sixty-five dollars per acre was agreed to be kept open until the next day for acceptance by the purchaser or was offered only for immediate acceptance.   The divergent evidence of the parties respecting that question makes it an issue of fact for the jury to solve.

The judgment is reversed and the cause remanded. All concur.